Mark L. Javitch (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
javitchm@gmail.com
*Plaintiff/Attorney*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK L. JAVITCH, | Case Number: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| LIFESTYLE DESIGN INTERNATIONAL, LLC, a Nevada limited liability corporation d/b/a BUSINESS SUPPORT CENTER aka PRESTIGE MARKETING, and JEFFREY LERNER, an individual, | |
| Defendants. | |

1. Plaintiff Mark L. Javitch ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant LIFESTYLE DESIGN INTERNATIONAL, LLC d/b/a BUSINESS SUPPORT CENTER aka PRESTIGE MARKETING and Defendant JEFFREY LERNER (together "Defendants") to stop placing hundreds of calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

COMPLAINT                                                    CASE NO.:

Page 1

# NATURE OF THE ACTION

2. Defendants charge $300-$400 to place listings on Google and other local website directories. As part of marketing their services, Defendants and their agents placed hundreds of calls to Plaintiff's cell phone. When Plaintiff answered, Defendants played Plaintiff a prerecorded voice advertisement.

3. Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling his cell phone hundreds of times, and Defendants have therefore incurred liability in tort and under statutes, including the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, where technological equipment permits a Defendant to spam huge numbers of cell phones on a repeated basis.

6. By placing the calls at issue, Defendants have violated the statutory rights of Plaintiff.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff MARK L. JAVITCH is a natural person and is a citizen of the Northern District of California.

9. Defendant LIFESTYLE DESIGN INTERNATIONAL, LLC ("Defendant Lifestyle") d/b/a BUSINESS SUPPORT CENTER aka PRESTIGE MARKETING is a limited liability corporation organizing and existing under the laws of the State of Nevada with its principal place of business 491 N. Bluff St, St. George, Utah, 84770.

10. Defendant JEFFREY LERNER ("Defendant Lerner") is a natural person and upon information and belief, is a citizen of the State of Texas. Defendant Lerner is responsible for management of Defendant Lifestyle and is liable for the actions alleged herein.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has supplemental jurisdiction over all Plaintiff's California and common law claims under 28 U.S.C. §1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

13. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## DEFENDANTS CALLED PLAINTIFF HUNDREDS OF TIMES

15. On January 16, 2019, Plaintiff was at his home in San Mateo County, California. Plaintiff received a call from Defendants at 11:26 a.m. on his cell phone.

16. When Plaintiff answered the call, he heard a prerecorded voice message from Defendants.

17. Plaintiff was familiar with the prerecorded message offering Defendants' website listings because he had heard it hundreds of times before.

18. Defendants had called Plaintiff's ***phone 1-2 times daily*** for more than a year.

19. After hearing enough to know the call was Defendants' advertisement, Plaintiff usually hung up, feeling tricked into answering Defendants' phone calls that wasted his time and prevented him from using his phone legitimately.

20. This time, Plaintiff pressed one and was connected with Defendants' agent.

21. Defendants offered to place website listings and said they would charge $300-$400 to list your site in Google.

22. Defendants said to email all details for the listing to fufillment.support @businesssupportcenter.com, one of the websites operated by Defendants.

## DEFENDANTS FALSIFIED AND ROTATED THEIR CALLER ID NUMBERS

23. Not only did Defendants call Plaintiff hundreds of times when Plaintiff was trying to screen Defendants' calls, Defendants used deceptive tactics to trick Plaintiff into answering their calls more often.

24. Defendants placed this particular January 16th phone call from a "402" area code phone number, which was similar to Plaintiff's number – who also has a "402" area code.

25. Plaintiff is more likely to answer a call from the "402" area code – because of his contacts in that area code, Plaintiff is inclined to believe that it could be an important call from someone that he knows.

COMPLAINT                                              CASE NO.:

26. Defendants concealed their actual phone number and "spoofed" a phone number beginning with "402" in order to trick Plaintiff into answering a familiar number.

27. When Plaintiff answered their cell phone thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded advertisement.

28. Sometimes Plaintiff was tricked so badly that he put legitimate callers on hold or asked to call them back because he thought a real person was calling, when it was only Defendants' illegal advertising.

29. Upon information and belief, Defendants do not have a call center in the "402" area code, therefore the purpose of calling Plaintiff from this area code could only have been to harass and deceive Plaintiff into answering a call he was attempting to screen.

30. As an additional measure, Plaintiff also tried to defend against Defendants' harassing calls by blocking their number using his cell phone.

31. However, Defendants next bad faith tactic thwarted Plaintiff's legitimate efforts to block Defendants' number.

32. Defendants often used a fresh bank of "402" numbers in calling Plaintiff so that even if Plaintiff blocked Defendants' number, Defendants would just call from another "402" number. So effectively, Plaintiff could not block Defendants' number. Thus, each new phone call from a new "402" number would be a fresh dirty trick played on Plaintiff to induce him to answer.

**FIRST CAUSE OF ACTION**
Willful and/or Knowing Violation of 47 U.S.C. §227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendants and/or their agents placed hundreds of calls to Plaintiff's cellular telephone.

35. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

COMPLAINT                                                                 CASE NO.:

Page 5

36. Defendants' calls were made for the purpose of marketing and advertising Defendants' website listing services. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

37. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. §227(b)(1)(A)(iii).

38. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. §227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties for each violation and an injunction requiring Defendants to stop their illegal calling.

39. Not only did Defendants make these violating calls, Defendants and/or their agents did so "*knowingly*" and/or "*willfully*" under 47 U.S.C. §227(b)(3)(C).

40. Defendants' "spoofing" of phone numbers to appear like familiar numbers to Plaintiff and Defendants' use of rotating 402 numbers to thwart Plaintiff's call blocking are bad faith tactics that show Defendants' conduct was *knowing* and *willful* under 47 U.S.C. §227(b)(3)(C).

41. If the court finds that Defendants acted *knowingly* or *willfully*, the court may increase the civil penalty from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Injunctive Relief Against all Defendants under §1780)

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

44. Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented,

the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

45. By playing a prerecorded voice message to Plaintiff's cell phone hundreds of times without first asking for his consent with a natural voice, Defendants have repeatedly violated Cal. Civ. Code §1770(a)(22)(A).

46. Consumers who suffer damage due to an unlawful business practice may bring an action to enjoin a corporation's unlawful business practices throughout the state on behalf of the general public.

47. Plaintiff is entitled to injunctive relief under Cal. Civ. Code §1780(a)

**THIRD CAUSE OF ACTION**
Violation of California Do Not Call Law
Cal. Bus. & Prof. Code §17592(c)(1)
(Against all Defendants)

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Cal. Bus & Prof. Code §17592(c)(1) prohibits telemarketers from calling California cell phones on the federal "Do Not Call" list and attempting to sell services.

50. Plaintiff registered his cell phone number on the Federal Do Not Call List in February 2012.

51. Plaintiff has lived in California since 2013.

52. Therefore, Defendants have repeatedly violated §17592(c)(1) by calling Plaintiff's cell phone hundreds of times.

53. Plaintiff has and continues to incur damages that are actual and recognized by statute.

54. Plaintiff has a private right of action under Cal. Bus. & Prof. Code §17204.

**FOURTH CAUSE OF ACTION**
Violation of California False Advertising Law
Cal. Bus. & Prof. Code §17500
(Against all Defendants)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. The California False Advertising Law generally prohibits "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17500.

57. Defendants' calls to Plaintiff constitute direct advertising statements.

58. Defendants' advertising statements appearing to originate from a 402 area code number were untrue or misleading, and a reasonable person was likely to be misled or deceived.

59. Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.

60. Defendants' false statements were material in Plaintiff's decision to answer the phone.

61. Plaintiff did so answer the phone based on Defendants' misrepresentations and has and continues to incur actual and statutory damages as a result.

**FIFTH CAUSE OF ACTION**
Fraudulent Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
(Against all Defendants)

62. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63. The fraudulent prong of California's Unfair Competition Law prohibits business practices that are likely to deceive the public.

64. Defendants' use of fake phone numbers to trick Plaintiff into listening to Defendants' advertising constitutes a fraudulent business practice.

65. Defendants' practice is fraudulent under this section because members of the public are likely to be deceived by this practice.

COMPLAINT                                                    CASE NO.:

Page 8

66. Plaintiff answered his phone hundreds of times based on Defendants' deceptive business practice and has and continues to incur damages that are actual and recognized by statute.

67. Plaintiff is entitled to restitution or injunctive relief under this section.

### SIXTH CAUSE OF ACTION
Unfair Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

70. Defendants' trick to get Plaintiff to listen to its advertising offends California's public policy preference for California residents to be free from harassment by telemarketers calling without their consent.

71. Defendants' trick to get Plaintiff to listen to Defendants' advertising is a business practice that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

72. The utility of Defendants' illegal calls from fake phone numbers is very low (as the calls are outlawed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy in being tricked into answering.

73. Plaintiff answered his phone hundreds of times based on Defendants' unfair business practices and has and continues to incur damages that are actual and recognized by statute.

74. Plaintiff is entitled to restitution or injunctive relief under this section.

**SEVENTH CAUSE OF ACTION**
Intentional Fraud / Misrepresentation
(Against all Defendants)

75. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76. Defendants made an intentionally false misrepresentation by calling Plaintiff from a Caller ID number that showed it originated from the same area code as Plaintiff's.

77. Defendants had knowledge of the phone numbers' falsity. Defendants' call center was not actually located in Plaintiff's home town area code.

78. Defendants intended to defraud and induce Plaintiff's reliance by persuading him to answer by falsely displaying a Caller ID that was similar to his own area code.

79. Since Plaintiff regularly gets legitimate calls from the same area code, Plaintiff justifiably relied on Defendants' misrepresentations in deciding to answer the calls.

80. Plaintiff has and continues to incur damages that are actual and recognized by statute.

**EIGHTH CAUSE OF ACTION**
Negligent Misrepresentation
(Against all Defendants)

81. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

82. Defendants made misrepresentations of existing fact when they called Plaintiff from a falsified area code.

83. Defendants lacked any reasonable grounds for believing it to be true that they were located in or calling from Plaintiff's home town area code.

84. Defendants intended that Plaintiff rely on their misrepresentation in order to induce Plaintiff into hearing Defendants' advertising.

85. Defendants efforts at spoofing and using rotating "402" numbers was a bad faith tactic to further the effectiveness of Defendants' illegal conduct by sabotaging Plaintiff's legitimate efforts to screen calls from Defendants.

86. Plaintiff effectively had no way to screen Defendants' calls because he could not distinguish between legitimate and fraudulent calls that appeared to be from Plaintiff's home town area code.

87. Seeing the misrepresented "local" area code, Plaintiff justifiably relied on Defendants' misrepresentations in deciding to answer the calls.

88. As a result of being called on his cell phone and hearing Defendants' prerecorded advertisements hundreds of times, Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

## NINTH CAUSE OF ACTION
Negligence
(Against all Defendants)

89. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

90. Defendants had a general duty to use due care in their dealings with Plaintiff.

91. Defendants breached that duty by calling Plaintiff's cell phone hundreds of times in violation of state and federal statutes and causing liability for common law torts.

92. Defendants' breach was the proximate or legal cause of Plaintiff's injury.

93. Plaintiff's injury resulted from an occurrence that the statutes were designed to prevent.

94. Plaintiff fits within the class of persons for whose protection the statutes were adopted.

95. Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

## TENTH CAUSE OF ACTION
Gross Negligence
(Against all Defendants)

96. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

97. Not only was Defendants' conduct towards Plaintiff negligent, as alleged above, it was grossly negligent.

98. By intentionally designing a bad-faith strategy of calling Plaintiff from rotating, familiar-looking Caller ID numbers designed to trick Plaintiff into answering Defendants' calls and preventing him from screening, and indeed succeeding hundreds of times in getting Plaintiff to answer and necessitating a federal lawsuit, Defendants' conduct is such an extreme departure from the ordinary standard of care owed to Plaintiff that it constitutes gross negligence.

99. Plaintiff has and continues to incur damages that are actual and recognized by statute as a result of Defendants' gross negligence.

## ELEVENTH CAUSE OF ACTION
Trespass to Chattels
(Against all Defendants)

100. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

101. Defendants called Plaintiff so frequently that Defendants prevented Plaintiff from legitimate use of his cell phone.

102. Defendants' conduct constituted intentional intermeddling and interference with Plaintiff's property right in his own cell phone.

103. Because he could not screen Defendants' calls, Plaintiff was prevented from making and receiving his desired calls because when Defendants called, Plaintiff was forced to stop using his phone to see if there was a real person calling.

104. Plaintiff has incurred and continues to incur damages as a result of Defendants' illegal interference with his property.

105. Plaintiff is entitled to damages and injunctive relief.

## TWELFTH CAUSE OF ACTION
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

106. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

107. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

108. Each of Defendants' hundreds of violations of 47 U.S.C. §227(b)(1)(A)(iii), Cal. Civ. Code §1770(a)(22)(A), Cal. Civ. Code §17592(c)(1), Cal. Civ. Code §17500, the unfair and fraudulent prongs of Cal. Civ. Code §17200, and their intentional fraud, negligent misrepresentation, negligence, gross negligence, and trespass to chattels vis a vis Plaintiff as described herein all constitute separate and cumulative violations of §17200.

109. Plaintiff has and continues to incur damages that are actual and recognized by statute.

110. Plaintiff is authorized to pursue a private right of action against Defendant under §17204.

111. Plaintiff is also entitled to injunctive relief under this section.

## PRAYER FOR RELIEF

112. WHEREFORE, Plaintiff Mark L. Javitch prays for the following relief:

   a) An injunction requiring Defendants to cease all calls to Plaintiff;
   b) An order declaring that Defendants' actions, as set out above, violate the TCPA;
   c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;
   d) An order declaring that Defendants' actions, as set out above, violate California's Consumers Legal Remedies Act §1770(a)(22)(A);

e) An order declaring that Defendants' actions, as set out above, violate California's Do Not Call Law §17592(c)(1);

f) An order declaring that Defendants' actions, as set out above, violate California's False Advertising Law §17500;

g) An order declaring that Defendants' actions, as set out above, violate the unfair prong of California's Unfair Competition Law §17200;

h) An order declaring that Defendants' actions, as set out above, violate the fraudulent prong of California's Unfair Competition Law §17200;

i) An order declaring that Defendants' actions, as set out above, cause Defendants liability for intentional misrepresentation and fraud;

j) An order declaring that Defendants' actions, as set out above, cause Defendants liability for negligent misrepresentation;

k) An order declaring that Defendants' actions, as set out above, cause Defendants liability for negligence;

l) An order declaring that Defendants' actions, as set out above, cause Defendants liability for gross negligence;

m) An order declaring that Defendants' actions, as set out above, violate the unlawful prong of California's Unfair Competition Law §17200;

n) An order declaring that enjoining Defendants' actions, as set out above, would result in the "enforcement of an important right affecting the public interest" within the meaning of Cal. Civ. Code §1021.5.

o) An award of actual and/or statutory damages and civil penalties;

p) An award of reasonable attorneys' fees and costs; and

q) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

COMPLAINT                                                                 CASE NO.:

Page 14

| | |
|---|---|
| 1 | Dated: January 26, 2019 |
| 2 | Respectfully submitted, |
| 3 | PLAINTIFF MARK L. JAVITCH |

By: /s/ Mark L. Javitch          .

Mark L. Javitch (SBN 323729)
Mark L. Javitch, Attorney at Law
210 S. Ellsworth Ave #486
San Mateo CA 94401
Tel: 402-301-5544
Fax: 402-396-7131
*Plaintiff/Attorney*

COMPLAINT                                           CASE NO.:

Page 15